IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRIS O. EGBUNA, <br> TDCJ #1743108, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | CIVIL ACTION NO. H-14-2999 |

## MEMORANDUM OPINION AND ORDER

Chris O. Egbuna filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) challenging his state conviction and eleven-year, six-month sentence. Pending before the court is Respondent William Stephens' Motion to Dismiss with Brief in Support ("Respondent's Motion to Dismiss") (Docket Entry No. 10), which argues that Egbuna's Petition is time barred. For the reasons stated below, the court will grant Respondent's Motion to Dismiss and will dismiss Egbuna's Petition.

### I. Background and Facts

In the 240th District Court of Fort Bend County, Texas, Egbuna was charged by indictment with the offense of aggravated assault with a deadly weapon causing serious bodily injury to a family

member.[1]  Pursuant to a plea agreement, Egbuna entered a plea of guilty to the offense as charged in exchange for a recommended sentence of eleven years and six months.[2]  The court accepted Egbuna's plea and, on October 3, 2011, assessed punishment at eleven years and six months imprisonment.[3]

Egbuna did not directly appeal this conviction.[4]  Egbuna filed a state application for a writ of habeas corpus challenging his conviction, which he signed, on February 25, 2013.[5]  On July 17, 2013, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.[6]

On October 13, 2014, Egbuna signed his federal Petition.[7]  Egbuna asserts five claims of ineffective assistance of counsel in support of his Petition:  (1) counsel failed to seek a lesser

---

[1] Indictment in Cause No. 54816, State v. Egbuna, State Habeas Record WR-79,878-01, Docket Entry No. 8-2, p. 13.

[2] Judgment and Sentence, State Habeas Record WR-79,878-01, Docket Entry No. 8-2, p. 14.

[3] Id.

[4] Petition, Docket Entry No. 1, p. 3.

[5] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Record WR-79,878-01, Docket Entry No. 8-2, pp. 40, 51.

[6] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-79,878-01, Docket Entry No. 8-2, p. 2.

[7] Petition, Docket Entry No. 1, p. 11.

included offense; (2) counsel failed to call alibi witnesses; (3) counsel failed to effectively argue a claim of self-defense; (4) counsel failed to effectively argue a claim of "sudden passion;" and (5) counsel coerced a guilty plea.[8]  Respondent argues that Egbuna's Petition should be dismissed as time barred under 28 U.S.C. § 2244(d).[9]

## II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all federal habeas petitions filed after April 24, 1996.  28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 125 S. Ct. 1807, 1814 (1997).  The AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2244(d)(1):

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
> 
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[8] Id. at 6-8.

[9] Respondent's Motion to Dismiss, Docket Entry No. 10, p. 3.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section (d)(2) provides for tolling of the limitations period while a properly filed application for state post-conviction review is pending. Id. § 2244(d)(2).

### A. Application of § 2244(d)(1) to Egbuna's Petition

Respondent argues that the limitations period for Egbuna's federal Petition began when his conviction became final at the expiration of his time for filing a direct appeal on November 2, 2011.[10] Respondent argues that the limitations period for Egbuna's Petition therefore expired on November 2, 2012.[11] Respondent argues that § 2244(d)(1)(A) is the proper commencement provision because the provisions in subsections (B), (C), and (D) do not apply.[12]

Because Egbuna was sentenced on October 3, 2011, his conviction became final, commencing the AEDPA limitations period, on November 2, 2011, when his time to file a timely notice of appeal expired. Tex. R. App. P. 26.2(a)(1); see also Rodriguez v. Thaler, 664 F.3d 952, 954 (5th Cir. 2011).

---

[10]Respondent's Motion to Dismiss, Docket Entry No. 10, p. 4.

[11]Id.

[12]Id. at 5.

Section 2244(d)(1)(B) applies where state action has impeded the petitioner's ability to file an application for habeas relief. 28 U.S.C. § 2244(d)(1)(B). The record does not suggest that any unconstitutional state action created an impediment to Egbuna's filing a federal habeas petition. The court therefore concludes that § 2244(d)(1)(B) does not apply.

Section 2244(d)(1)(C) applies where the petitioner's claim is based on a constitutional right newly recognized by the United States Supreme Court or a right that the Supreme Court has made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). The claims presented do not concern a constitutional right newly recognized by the Supreme Court and made retroactive to cases on collateral review. The court therefore concludes that § 2244(d)(1)(C) does not apply.

Section 2244(d)(1)(D) applies only where the factual predicate of the petitioner's claim could not have been discovered through the exercise of due diligence until the judgment became final. 28 U.S.C. § 2244(d)(1)(D). The record provides no indication that the factual predicate for Egbuna's ineffective assistance of counsel claims could not have been discovered until the judgment became final if the petitioner had acted with due diligence. The court therefore concludes that § 2244(d)(1)(D) does not apply.

Absent statutory or equitable tolling, if § 2244(d)(1)(A) controls the commencement of the limitations period, Egbuna had until November 2, 2012, to file his federal Petition.

## B. Statutory Tolling

The AEDPA's one-year limitations period is tolled while a properly filed application for state post-conviction review is pending. Id. § 2244(d)(2). Although Egbuna's convictions became final on November 2, 2011, he did not sign his state habeas application until February 25, 2013, almost sixteen months later. Because Egbuna filed his state habeas application after the limitations period expired, it has no tolling effect for purposes of section 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after the expiration of the limitations period precludes tolling). Moreover, the Texas Court of Criminal Appeals dismissed Egbuna's state habeas application on July 17, 2013.[13] Egbuna signed his federal Petition more than one year later on October 13, 2014.[14] Therefore, even if statutory tolling applied, Egbuna's Petition would be time barred.

## C. Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that the AEDPA's limitations period may be equitably tolled only if the

---

[13]Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-79,878-01, Docket Entry No. 8-2, p. 2.

[14]Petition, Docket Entry No. 1, p. 11.

petitioner (1) diligently pursued his claim and (2) demonstrates that extraordinary circumstances beyond his control caused the petition's late filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); see also Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013). The petitioner bears the burden of establishing grounds warranting equitable tolling. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013).

Egbuna contends that his Petition is timely because he filed it before October 15, 2014 (one year after October 15, 2013).[15] Since he is proceeding pro se, Egbuna's arguments are entitled to liberal construction to allow an equitable tolling argument even if it is not explicitly raised. See Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001). However, Egbuna provides no grounds warranting equitable tolling of the one-year statute of limitations to this date. Moreover, any unfamiliarity with the law that led Egbuna to cite October 15, 2014, as the end date of the one-year statute of limitations is not a rare and exceptional circumstance warranting equitable tolling. See Felder v. Johnson, 204 F.3d 168, 172-173 (5th Cir. 2000) (holding that ignorance of the law and pro se status are not sufficient to warrant equitable tolling).

Even if Egbuna established grounds for equitable tolling constituting rare and extraordinary circumstances, he is not

---

[15]Petition, Docket Entry No. 1, p. 10.

entitled to equitable tolling because he did not diligently pursue his claims. Egbuna waited nearly sixteen months after his conviction became final to sign his state habeas application. He then waited another fifteen months after the dismissal of his state application to file his federal Petition. Such delays do not indicate the diligent pursuit of his rights; therefore, equitable tolling does not apply. See Melancon, 259 F.3d at 408 (holding that a filing delay of over four months precluded a finding of diligence); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (holding that a filing delay of six months precluded a finding of diligence); Koumjian v. Thaler, 484 F. App'x 966, 969-70 (5th Cir. 2012) (holding that a filing delay of over four-and-a-half months precluded a finding of diligence).

### III. Certificate of Appealability

Under 28 U.S.C. § 2253 Egbuna must obtain a certificate of appealability ("COA") before he can appeal this Memorandum Opinion and Order dismissing his Petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations

omitted). If denial of relief is based on procedural grounds, the petitioner must not only show that "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' but also that they 'would find it debatable whether the district court was correct in its procedural ruling.'" Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001) (quoting Slack, 120 S. Ct. at 1604) (emphasis in original). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). This court concludes that Egbuna is not entitled to a COA under the applicable standards. See 28 U.S.C. § 2253(c).

### IV. Conclusion and Order

Because Egbuna's Petition for a Writ of Habeas Corpus is barred by the statute of limitations, Respondent Stephens' Motion to Dismiss (Docket Entry No. 10) is **GRANTED**, and Egbuna's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED**. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 10th day of July, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE